**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVEN H. HAISHA and NADIA A. HAISHA,

    Plaintiffs,

v.                                                        Case No. 11-11276

COUNTRYWIDE BANK, FSB, et al.,

    Defendants.

                                                          /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND**
**DISMISSING DEFENDANTS COUNTRYWIDE BANK, FSB, AND**
**BAC HOME LOANS SERVICING, LP**

This matter was removed to this court by Defendants Bank of America, N.A. ("BANA"), as successor in interest to Countrywide Bank, FSB ("Countrywide"), and by BAC Home Loans Servicing, LP ("BAC"), on March 29, 2011.[1] On April 5, 2011, those two Defendants moved to dismiss the case against them. Plaintiffs have not responded to the motion, and the time for responding has lapsed. After reviewing the complaint and Defendants' motion to dismiss, the court has determined a hearing on the matter is not necessary. E.D. Mich. LR 7.1(h)(2). The court will grant Defendants' motion.

---

[1] There is no evidence that the remaining three Defendants have been served: they did not join in the removal, the complaint does not indicate service, nor have they had attorneys enter appearances. The use of "Defendants" in this order will refer only to BANA and BAC unless otherwise noted.

## I. BACKGROUND

Plaintiff Steven Haisha refinanced a loan secured by a mortgage in March 2008. (Mot. Br. 2; Compl. ¶ 11.)[2]  The refinanced principal amounted to $232,000, and the fixed interest rate of the loan was 6.125%, leading to a monthly payment of $1,409.66 for 360 months. (Mot. Br. 2-3.)[3]  The loan was modified in April 2010. (Compl. ¶ 20 & Ex. 3.)  Plaintiffs defaulted on the loan.

Defendant BANA, which acquired Countrywide, issued the loan. (*Id.* at 2; Compl. ¶ 11.)[4]  Defendant BAC services the loan. (Mot. Br. 1; Compl. ¶ 12.)

## II. STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  To avoid dismissal of a case for failure to state a claim under Rule 12(b)(6), the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

---

[2] The first paragraph 11.  This paragraph erroneously states "Defendant Comerica" refinanced Plaintiffs' loan; the court assumes, as do Defendants, that the complaint intended to refer to "Defendant Countrywide" here.

[3] The final expected monthly payment was slightly less than the regular amount.

[4] The second paragraph 11.

*Id.* at 555 (alteration in original) (citations omitted). The Court elaborated on the standard in *Ashcroft v. Iqbal*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. 1937, 1949-50 (2009) (alteration in original) (citations omitted). Therefore, under the pleading standard outlined in *Twombly*, the court assumes the *facts* recited in the complaint are true, "construe[s] the complaint in the light most favorable to plaintiff," and determines whether a plaintiff has stated a *plausible* claim. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal quotation marks and citation omitted).

In a diversity case, the court applies state law to substantive issues, and federal law to procedural issues. *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 818 (6th Cir. 1999).

### III. DISCUSSION

The removed complaint asserts ten counts. Not one survives Defendants' motion to dismiss.

### A. Count I: Fraudulent Misrepresentations

Plaintiffs' first claim is that Defendants made certain fraudulent misrepresentations. Plaintiffs contend Defendants intentionally represented that "[t]he rate of refinance would initially be 6.125%," the property would appraise for more than the value of the loan, "the interest rates and settlement charges described . . . were lawful and the best available to Plaintiffs," and all terms and conditions had been adequately disclosed. (Compl. ¶ 26.) These representations were fraudulent, asserts the complaint, because "the true rate charged was intentionally hidden," the appraisal had certain shortcomings, and Defendants failed to make certain disclosures they were required to make by law. (*Id.* ¶ 27.)

Defendants attack this first count with six arguments. Defendants contend: 1) as a matter of fact, Plaintiffs confuse the 6.125% interest rate with the 6.271% annual percentage rate; 2) Plaintiffs fail to state a claim for fraud with sufficient particularity; 3) the statute of frauds precludes any claim based on oral representations; 4) "opinions are not actionable as fraud"; 5) Plaintiffs "have not pled (nor could they ever prove) that they acted with reasonable reliance"; and 6) Plaintiffs cannot recover in tort for damages flowing from a breach of contract according to the economic loss doctrine. (Mot. Br. 5-10.)

A claim of fraud must be pleaded as a special matter under the Federal Rules of Civil Procedure. "In alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

> [A]ny fraud claim[] must satisfy the particularity pleading requirements of Rule 9(b).  *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 681 (6th Cir. 2004).  Accordingly, Plaintiffs' complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998).  At a minimum, Plaintiffs must allege the time, place and contents of the misrepresentations upon which they relied.  *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.1984).

*Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).

The court will grant Defendants' motion on Count I for failure to satisfy the pleading requirements of Rule 9(b), and therefore need not reach the other arguments presented.  The complaint does not state with particularity the second or third elements that must be pleaded according to Rule 9(b).[5]  Count I does not disclose where or when the fraudulent statements were made, or by whom; instead, the complaint states only that "Defendants" made the allegedly fraudulent statements.  There are five Defendants in this suit, all of which are corporate entities.  Because it is implausible that all Defendants made all of the purportedly fraudulent statements, and further because even if they did, the complaint nevertheless does not state with particularity which of Defendants' agents made the statements, the Plaintiff has not "state[d] with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Therefore, this count will be dismissed as to these Defendants.

---

[5] The court also doubts whether the complaint specifies with the requisite precision which statements were allegedly fraudulent.

5

**B. Count II: Violation of Mortgage Brokers, Lenders, and Servicers Licensing Act**

The second count of the complaint alleges violations of Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Comp. Laws §§ 445.1651-.1684. However, the complaint fails to state a claim upon which relief can be granted against Defendants, because the statute does not apply to:

> A depository financial institution whether or not the depository financial institution is acting in a capacity of a trustee or fiduciary.
>
> . . . .
>
> A mortgage broker, mortgage lender, or a mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a subsidiary or affiliate of a holding company of a depository financial institution, if the depository financial institution maintains its main office or a branch office in this state.

Mich. Comp. Laws § 445.1675(a), (m).  A "depository financial institution" is "a state or nationally chartered bank, a state or federally chartered savings and loan association, savings bank, or credit union, or an entity of the federally chartered farm credit system." Mich. Comp. Laws § 445.1651a(f).

Defendant BANA is a depository financial institution within the meaning of the statute.  (*See* Mot. Ex. J.)  Defendant BAC is a subsidiary or affiliate of BANA's holding company, Bank of America Corporation.  (Mot. Br. 11.)  Therefore, Count II will be dismissed as to these Defendants.

**C. Count III: Breach of Contract**

The complaint's third count asserts breach of contract.  To state a claim for breach of contract in Michigan, a plaintiff is required to allege: 1) the existence of a valid contract, 2) the terms of the contract, 3) breach of the contract, and 4) an injury caused

by the breach. *See In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003); *Webster*, 197 F.3d at 819.

Defendants argue that Plaintiffs have "fail[ed] to allege any of the elements of a breach of contract claim." (Mot. Br. 12.) The court disagrees. Plaintiffs have stated the existence of a mortgage and promissory note, (Compl. ¶ 40), they have attached those documents and have therefore provided the contract terms, (*id.* Ex. 1), they have alleged a breach, (*id.* ¶ 41), and they have pleaded proximately caused damages, (*id.* ¶ 42). Thus, there is no flaw in Plaintiffs' recitation of a cause of action for breach of contract.

However, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiffs' allegation of a breach is lacking because it is unaccompanied by facts that support the claim, and is therefore implausible. Plaintiffs allege that Defendants failed to disclose material facts, made false and misleading statements, and led Plaintiffs to rely on an inflated appraisal. (Compl. ¶ 41.) While the court assumes on review of a motion to dismiss that these allegations are true, nowhere do Plaintiffs plead which provisions of the mortgage or note are violated by these false statements or material omissions. It is the obligation of Plaintiffs to provide "a short and plain statement of the claim showing that [they are] entitled to relief." Fed. R. Civ. P. 8(a)(2). Attaching the mortgage and note and alleging a breach of some provision of twelve pages of finely printed and dense legalese is neither "short" nor "plain," and as a result the complaint has not shown the court that Plaintiffs are entitled to relief. Because Plaintiffs have not properly pleaded this third element of the third count, the court will dismiss the breach of contract claim.

### D. Count IV: Violation of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA")

Next, the complaint alleges violations of RESPA, 12 U.S.C. §§ 2601-2617, and TILA, 15 U.S.C. §§ 1601-1667f. Defendants assert these claims are barred by the applicable statutes of limitations. The court agrees.

#### 1. RESPA

Under RESPA, the court has jurisdiction only over actions filed pursuant to 12 U.S.C. §§ 2605, 2607-2608. 12 U.S.C. § 2614. Consequently, the court will construe Plaintiffs' Count IV as alleging a violation of one of those sections. The statute of limitations is one year for actions under §§ 2607-2608, and three years for actions under § 2605. *Id.* The claim accrues on "the date of the occurrence of the violation." *Id.* "Courts have held that the 'date of the occurrence' language in § 2614 refers to the date of the closing." *Chen v. Bell-Smith*, ___ F. Supp. 2d ___, No. 08-0999, 2011 WL 781555, at *22 (D.D.C. Mar. 8, 2011) (citing *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003)); *see Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 324 (M.D.N.C. 2002) ("RESPA's statute of limitations period . . . run[s] from the date of the violation itself, not from the date of discovery [of the facts supporting a claim] . . . .").

The relevant date in this case is the date of refinancing, the latest time at which Defendants would have to have made all required disclosures. Plaintiffs refinanced their loan on March 6, 2008.[6] Plaintiffs filed this action on March 7, 2011, three years

---

[6] Plaintiffs appear to have modified their loan on April 1, 2010. (Compl. ¶ 20 & Ex. 3.) This modification does not affect the relevant date for calculating the statute of limitations, however, because a fair reading of the complaint reveals that Plaintiffs' allegations are directed at the disclosures surrounding the refinancing rather than the modification.

and one day after the suspect loan was refinanced. Therefore, Plaintiffs' claims are barred under either the three-year or one-year limitations period.

### *2. TILA*

Plaintiffs' TILA claim is similarly time-barred. TILA sets forth a one-year statute of limitations that also runs "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Therefore, for the reasons set forth above with respect to Plaintiffs' RESPA claims, Plaintiffs' TILA claims are also precluded as untimely.

The court will dismiss Count IV as to these Defendants.[7]

### **E. Count V: Malpractice**

The fifth count of the complaint alleges malpractice against the appraiser. Defendants assert that, according to the complaint, the party that appraised of the property in this case is Defendant Hais Corporation. (Mot. Br. 16 (citing Compl. ¶¶ 49-50).) Thus, Count V contains no allegations of wrongdoing against Defendants BANA or BAC, and therefore the count will be dismissed as to these Defendants.

---

[7] Although Plaintiffs have not filed a response, the complaint anticipates the statute of limitations argument, and asserts that it should be "subject to equitable tolling because the Loan intentionally violates state and federal laws." (Compl. ¶ 23.) But a showing of "intentional violation" is not sufficient to toll the statutes here. *See Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421-24 (6th Cir. 2009) (enumerating the three-part test for equitable tolling but leaving open the question of whether tolling is available in RESPA actions); *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984) ("[W]e hold that [§ 1640(e)] is subject to equitable tolling. For application of the doctrine of fraudulent concealment, the one year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation."). Because Plaintiffs have not filed a response asserting why the statute should be tolled under the proper standard, the court does not consider that possibility here.

### F. Count VI: Violation of 15 U.S.C. § 1639

The complaint next alleges violations of subsections (f) and (h) of 15 U.S.C. § 1639. However, § 1639 cases may be filed only by "the appropriate State attorney general," and in any case, "not later than 3 years after the date on which the violation occurs." 15 U.S.C. § 1640(e). Because Plaintiffs are neither the Michigan Attorney General, nor did they file the action within three years of the violation, this count will also be dismissed.

### G. Count VII: Predatory Lending

Plaintiffs also claim they were the victims of "predatory lending" at the hands of Defendants. Under Count VII, however, Plaintiffs cite no statute, leaving the court searching for the legal foundation underlying Plaintiffs' cause.

Courts that have ventured to search for a "predatory lending" cause of action in Michigan have returned from the search wanting. *See, e.g.*, *O'Brien v. BAC Home Loan Servicing, LP*, No. 10-15136, 2011 WL 1193659, at *4 (E.D. Mich. Mar. 28, 2011) (Cohn, J.) ("Michigan does not recognize a claim for predatory lending."); *Mazur v. Wash. Mut. Bank, F.A.*, No. 09-13371, 2011 WL 108926, at *9 (E.D. Mich. Jan. 10, 2011) (O'Meara, J.) ("[I]t is well-settled in this district that predatory lending is not a viable cause of action under Michigan law."); *Jaafar v. Homefield Fin., Inc.*, No. 09-12832, 2009 WL 3602091, at *2 n.3 (E.D. Mich. Oct. 27, 2009) (Duggan, J.) ("Plaintiff's counsel . . . conceded [at the hearing] that 'predatory lending' is not a viable claim."); *Saleh v. Home Loan Servs., Inc.*, No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D. Mich. Aug. 17, 2009) (Duggan, J.) ("Michigan has not recognized a claim of 'predatory lending' and, even if such a claim were recognized, the undisputed facts do not support

such a claim."); *Beydoun v. Countrywide Home Loans, Inc.*, No. 09-10445, 2009 WL 1803198, at *4 (E.D. Mich. June 23, 2009) (Zatkoff, J.) ("[B]ecause Michigan has no statute entitled 'Predatory Lending,' the Court assumes that Plaintiff brings this claim under either the TILA or the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639.").

The court has conducted its own search of Michigan case law and Michigan statutes, and has found no reference to a common law or statutory "predatory lending" cause of action. As observed previously, Plaintiffs' counsel has not found this or any other count worthy of defending against Defendants' motion. This court will not be as generous as the court in *Beydoun*, and will not go to lengths to construe Plaintiffs' count to state some hypothetical claim. It is Plaintiffs' burden to clearly state a claim upon which relief can be granted, and where Plaintiffs have failed to do so, it is the court's obligation to dismiss the claims. Count VII for "predatory lending" will be disposed of in such a fashion.

## H. Count VIII: Quiet Title

The eighth count asserts an action for quiet title. A person who claims an interest in land may bring a quiet title action in Michigan. Mich. Comp. Laws § 600.2932(1).

> If the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto. In an appropriate case the court may issue a writ of possession or restitution to the sheriff or other proper officer of any county in this state in which the premises recovered are situated.
> . . . .
>
> Actions under this section are equitable in nature.

Mich. Comp. Laws § 600.2932(3), (5).

"Plaintiffs have premised their quiet title claim on their fraud claims." *Smith v. Bank of Am. Corp.*, No. 10-14161, 2011 WL 653642, at *5 (E.D. Mich. Feb. 14, 2011) (Edmunds, J.). They allege that they were "induced" to obtain the loan as a result of false statements and material omissions. (Compl. ¶ 68.) As Defendants properly observe, this language in the complaint, fairly read, characterizes Plaintiffs' quiet title action as being founded on a fraud in the inducement charge. (Mot. Br. 19; *see* Compl. ¶¶ 68-69.) As already described here, fraud allegations invoke special pleading requirements. Therefore, this count, too, must be dismissed for failure to comply with Rule 9(b), for the reasons stated above with respect to Count I. *See Smith*, 2011 WL 653642, at *6.

### I. Count IX: Violation of Mich. Comp. Laws § 600.3205a[8]

Plaintiffs' final allegation of wrongdoing is that the foreclosure notice mailed to them did not satisfy Mich. Comp. Laws § 600.3205a. Section 3205a sets forth numerous items that must be included in a written notice served on the borrower under certain circumstances prior to a foreclosure sale under Michigan's foreclosure by advertisement statute.

Defendants aver that a notice was mailed to Plaintiffs pursuant to that section. Indeed, the notice itself begins: "This notice is being sent to the borrowers and/or mortgagors pursuant to MCL 600.3205a(1) . . . ." (Mot. Ex. M.) The notice discloses it

---

[8] Although the count as recited in the complaint is entitled "Violation of MCL 600.3204, et seq.," it contains only an allegation that the foreclosure notice "fail[ed] to comply with MCL 600.3205a." (Compl. ¶ 73.)

12

was sent on January 26, 2011, and Defendants advise that foreclosure proceedings have not yet been initiated against Plaintiffs. (*Id.* & Br. 20.)

This count will be dismissed because it asserts only in the most conclusory fashion that the statute was violated, without saying how—that is, by providing factual allegations in support of the claim. Such an allegation does not meet the standard set forth by *Iqbal* and *Twombly*, because it does not elevate the claim "above the speculative level." *Twombly*, 550 U.S. at 555; *see Iqbal*, 129 S. Ct. at 1949-50.

### J. Count X: Injunctive Relief

As this count is not in fact a count that states an independent basis for relief, but rather is a prayer for a certain type of relief, the court need not dismiss it independently. Instead, the court will construe it as part of the section of the complaint requesting relief.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendants Countrywide Bank, FSB, and BAC Home Loans Servicing, LP's "Motion to Dismiss" [Dkt. # 5] is GRANTED. These two Defendants are DISMISSED from the case.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: June 8, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 8, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522