**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVEN H. HAISHA and NADIA A. HAISHA,

    Plaintiffs,

v.                                                  Case No. 11-11276

COUNTRYWIDE BANK, FSB, et al.,

    Defendants.
                                                        /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SANCTIONS AND DIRECTING DEFENDANTS TO
ACCOUNT FOR ATTORNEY FEES**

Defendants Bank of America, N.A. ("BANA"), as successor in interest to Countrywide Bank, FSB ("Countrywide"), and BAC Home Loans Servicing, LP ("BAC"), removed this matter from state court on March 29, 2011.[1] Defendants moved to dismiss the case against them on April 5, 2011. Plaintiffs did not respond to that motion. The court determined a hearing on the matter was not necessary and granted Defendants' motion to dismiss on June 8, 2011. On May 12, 2011, Defendants filed a motion for sanctions against Plaintiffs and their counsel under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent power to sanction. Pursuant to Federal Rule of Civil Procedure 11(c)(2), Defendants gave Plaintiffs twenty-one days' notice of their intention to seek sanctions to allow Plaintiffs to withdraw the complaint. Plaintiffs did not respond within that twenty-one day period, or to the motion for sanctions. In fact,

---

[1] The remaining three Defendants have been dismissed. (*See* 6/27/11 Order.) The use of "Defendants" in this order will refer only to BANA and BAC unless otherwise noted.

Plaintiffs have done nothing at all in this litigation other than start it. A hearing on the motion is not necessary. E.D. Mich. LR 7.1(f)(2).[2] The court will grant in part and deny in part Defendants' motion for sanctions under Rule 11 and § 1927. The motion will be granted as to Plaintiffs' counsel and Plaintiff Steven Haisha, but denied as to Plaintiff Nadia Haisha.

## I. BACKGROUND

The relevant facts of the underlying case are recorded in the order of dismissal. (*See* 6/8/11 Order.) Therefore, only the facts germane to the pending motion will be recited here.

Plaintiffs' counsel has filed at least four substantially similar complaints in this court in the past year. Each was dismissed based on the pleadings because the claims lacked either factual or legal support. Defendants aver that Plaintiffs' counsel has also filed four substantially similar complaints in various state courts in Michigan, all of which have been dismissed on the pleadings.

The complaint filed in this matter presented multiple factual inaccuracies, including: Plaintiffs' counsel's allegation that Plaintiffs received a negative amortization loan when his own exhibit clearly evidenced a fixed-rate loan; the reference to "Defendant Comerica," presumed to be a typographical error stemming from the use of a form complaint, as Comerica is not a named Defendant in this case; and the fabrication of a nonexistent loan modification agreement. Additionally, most of the

---

[2] The court need not hold a hearing before imposing sanctions under Rule 11, *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453 & 94-5593, 1995 WL 111480, at *2 (6th Cir. Mar. 15, 1995), or § 1927, *Cook v. Am. S.S. Co.*, 134 F.3d 771, 774 (6th Cir. 1988).

complaint lacked a sound legal basis for the reasons stated in the dismissal order. (*See* 6/8/11 Order.)

## II. STANDARD

### A. Rule 11

Pursuant to Rule 11, an attorney's signature on a pleading certifies that, to the best of the attorney's knowledge, information, and belief, formed after a reasonable inquiry:

> (1) [the document] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11. Rule 11 requires an attorney who has signed a pleading to fulfill three obligations. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).

> First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law. Third, the document must not be filed for any improper purpose.

3

*Id.* "The court judges the attorney's conduct by 'an objective standard of reasonableness under the circumstances.'" *Id.* (quoting *INVST Fin. Grp. Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)). There is no good-faith defense to Rule 11 sanctions because these obligations imposed by Rule 11 require more than mere good-faith litigation. *Id.* Rule 11 imposes a "continuing duty of candor" on litigants, authorizing sanctions for the continued pursuit of unsupportable claims. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997).

Sanctions for a Rule 11 violation are discretionary. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009). The primary purpose of a Rule 11 sanction is deterrence rather than compensation. *Ridder*, 109 F.3d at 294. Any Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). While the amended Rule 11 de-emphasizes monetary sanctions and direct payouts, it also recognizes that "if imposed on motion and warranted for effective deterrence," sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Parties may be sanctioned under Rule 11, as representation by counsel does not immunize a party from all Rule 11 sanctions. Fed. R. Civ. P. 11(c)(1); *Golden v. Spring Hill Assocs.*, No. 93-2186, 1994 WL 592946, at *2 (6th Cir. Oct. 26, 1994) (per curiam). However, when sanctions are issued due to a frivolous *legal* position, only attorneys may be held liable. Fed. R. Civ. P. 11(c)(5)(A); *Dearborn St. Bldg. Assocs. v. Huntington Nat'l Bank*, 411 F. App'x 847, 852 (6th Cir. 2011).

**B. Title 28 U.S.C. § 1927**

4

Courts may issue sanctions under 28 U.S.C. § 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." Only attorneys or others "admitted to conduct cases" may be sanctioned under § 1927. 28 U.S.C. § 1927. The Sixth Circuit recognizes the court's ability to sanction an attorney under § 1927 "'despite the absence of any conscious impropriety.'" *Rentz*, 556 F.3d at 396 (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)). If an attorney knows or reasonably should know that either the claim he or she is pursuing is frivolous, or his or her litigation tactic will needlessly obstruct the litigation of nonfrivolous claims, sanctions may be warranted absent any finding of bad faith.[3] *Id.* "Under this objective standard, '§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence.'" *Id.* (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). As an exception to the general "American Rule" prohibiting fee shifting, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), § 1927 authorizes requiring an attorney to reimburse the opposing side for excess costs, expenses, and attorney fees reasonably incurred because of his or her unreasonable conduct, 28 U.S.C. § 1927. *See BDT Prods. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751-52 (6th Cir. 2010).

### C. The Court's Inherent Power

---

[3] "However, '[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Rentz*, 556 F.3d at 396 (alteration in original) (quoting *Ridder*, 109 F.3d at 298).

5

In *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991), the Supreme Court recognized a federal court's inherent power to sanction bad-faith conduct in litigation. To impose sanctions for bad-faith litigation under its inherent power, a district court in this circuit must find: (1) the claims advanced were meritless; (2) counsel for the offending party knew or had reason to know the claims were meritless; and (3) the motive for filing the suit was an improper purpose such as harassment. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). Conduct "tantamount to bad faith" satisfies the bad-faith requirement imposed by the Supreme Court in *Chambers*, and the improper-purpose requirement of the three-prong test. *BDT Prods.*, 602 F.3d at 752. Courts may rely on their inherent power to sanction parties and attorneys for litigating in bad faith. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

*Chambers* stressed the importance of exercising caution when relying on inherent power to ensure compliance "'with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees.'" *First Bank of Marietta*, 307 F.3d at 511 (quoting *Chambers*, 501 U.S. at 50). The Court stated that district courts "ordinarily should rely on the Rules rather than the inherent power" when sanctioning. *Chambers*, 501 U.S. at 50. The Court clarified, however, that a federal court is not forbidden from sanctioning bad-faith conduct under its inherent power simply because the same conduct could be sanctioned under other statutes or rules. *Id.*

A district court is not required to exhaust consideration of all other statutes and rules before relying on its inherent power to issue sanctions in this circuit. *First Bank of*

6

*Marietta*, 307 F.3d at 513. *Contra Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 785 (3d Cir. 2001) (reversing the district court's decision to sanction under its inherent power, in part for failure to first consider sanctions under applicable rules or statutes). Moreover, the Sixth Circuit has previously affirmed sanctions imposed under the district court's inherent power, absent express consideration of other rules of civil procedure authorizing sanctions. *See Mann v. Univ. of Cincinnati*, Nos. 95-3195 & 95-3292, 1997 WL 280188, at *5-6 (6th Cir. May 27, 1997) (per curiam). The Sixth Circuit suggests district courts inform the parties they are considering using inherent power to allow parties to present those rules or statutes that may be more appropriate. *First Bank of Marietta*, 307 F.3d at 516. In *First Bank of Marietta*, the district court was found to have properly exercised caution in using its inherent power, by "giving notice of its consideration, conducting a separate hearing and considering post-hearing briefs" to determine whether the sanctioned party acted in bad faith. *Id.* at 519.

In *BDT Products*, the Sixth Circuit confronted ambiguity in the case law concerning whether a meritless lawsuit was, on its own, sufficient to prove bad faith and an "improper purpose." 602 F.3d at 752-53.[4] The court held that the "'mere fact that an action is without merit does not amount to bad faith.'" *Id.* at 753 (quoting *Miracle Mile*

---

[4] The court acknowledged the source of confusion may have been a misreading or misapplication of the decision in *First Bank of Marietta*. *BDT Prods.*, 602 F.3d at 752 n.4. There, the court stated, "[o]f course, the filing of a clearly meritless claim . . . that resulted in extensive discovery and an appeal, is evidence of a bad faith and abuse of the courts . . . ." *Id.* at 752 n.4 (alteration in original) (quoting *First Bank of Marietta*, 307 F.3d at 525).

7

*Assocs. v. City of Rochester*, 617 F.2d 18, 21 (2d Cir. 1980)).[5] However, a "pattern of asserting meritless claims and advancing baseless and previously rejected arguments" can establish that an attorney and his firm acted in bad faith or with an improper purpose. *Issa v. Provident Funding Grp., Inc.*, No. 09-12595, 2010 WL 3245408, at *4 (E.D. Mich. Aug. 17, 2010).[6]

### III. DISCUSSION

### A. Sanctions Against Plaintiffs' Counsel

Sanctions under Rule 11 against Plaintiffs' counsel, Mr. Levant, are appropriate. According to Rule 11, Mr. Levant was obligated to conduct a reasonable inquiry to ensure each of the allegations made in the complaint were factually and legally supported before signing and filing the complaint. Not one of the counts he presented survived the Defendants' motion to dismiss. Each of the ten counts was dismissed for lack of factual or legal merit, or a lack of compliance with the relevant law or procedural rule.

The complaint is fraught with factual inaccuracies. Plaintiffs alleged they received a negative amortization loan. Attached to Plaintiffs' own complaint, filed by Mr. Levant himself, are the note and TILA disclosure statement which clearly show Plaintiffs

---

[5] In reference to the decision in *First Bank of Marietta*, the court in *BDT Products* wrote: "Saying that the filing of a meritless claim is evidence of bad faith, however, is clearly not the same thing as saying that the filing of a meritless claim *proves* bad faith." 602 F.3d at 752 n.4.

[6] In *Issa*, because the attorney had filed over ninety complaints with nearly identical issues, the court determined the sanctioned attorney was commencing litigation solely to obtain "an additional bargaining chip" in negotiating more favorable resolutions to issues involving clients' home loan transactions. 2010 WL 3245408, at *4.

received a fixed-rate loan.  More troubling is the allegation that Plaintiffs received a loan modification from Defendants.  Exhibit 3 to the complaint includes a signature page containing Plaintiff Steven Haisha's signature, purported to be the signature page from that loan modification agreement.  However, the pagination and text of that signature page suggest, and Defendants assert, it is in fact the signature page from a different document.  This second example implies fraud upon the court.  *See* Mich. R. Prof'l Conduct 3.3; *see also* E.D. Mich. LR 83.22(b) (applying Michigan Rules of Professional Conduct to attorneys practicing in this court).

Additionally, most of the counts lack a legal foundation.  To give just one example, Count II alleges violation of the Mortgage Brokers, Lenders, and Servicers Licensing Act, even though the statute does not apply to depository financial institutions.  As explained in the June 8 opinion and order, Defendants in this action are well within the statute's definition of a "depository financial institution."

Mr. Levant's conduct is even more deserving of sanctions because he has filed many of these same claims in Michigan courts and they have been repeatedly dismissed on the pleadings.  He was therefore on notice that the claims lacked legal support.  The advisory notes to Rule 11 state for emphasis that, in certain situations, it may be appropriate to consider factors such as: "whether [the improper conduct] was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; [and] whether the person has engaged in similar conduct in other litigation." Fed. R. Civ. P. 11 advisory committee notes to the 1993 amendments.  To the court's knowledge, Mr. Levant filed four other substantially similar complaints alleging nearly identical counts in this court, all of which were dismissed on

the pleadings, before he filed the complaint in this matter.[7]  In *Ridha*, Mr. Levant submitted a complaint with eight of the ten counts asserted in this case.  Again in *Chahine*, Mr. Levant filed a complaint with five of the same counts.  Defendants aver that Mr. Levant has filed similar baseless complaints in various state courts in Michigan.  This pattern of behavior warrants sanctions to deter Mr. Levant from continuing to file baseless form complaints without conducting "an inquiry reasonable under the circumstances," Fed. R. Civ. P. 11(b), to ensure there is an adequate factual and legal basis for each claim made.  Considering the language of Rule 11, the case law surrounding Rule 11 violations, and each of the factors emphasized in the advisory notes to Rule 11, sanctions against Mr. Levant under Rule 11 are appropriate.

     Mr. Levant is also sanctionable under 28 U.S.C. § 1927 for the same underlying reasons.  As an attorney, Mr. Levant either knew or reasonably should have known the claims were frivolous due to the immense lack of factual and legal support and repeated prior dismissals.  The litigation was frivolous from the filing of the complaint onward, and therefore all attorney fees were incurred by Defendants in this case as a result of the unreasonable conduct of Mr. Levant.  *See* Mich. R. Prof'l Conduct 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous.").  Under Rule 11 and § 1927, payment of *at least* the total amount of Defendants' reasonable attorney fees is an appropriate sanction for Mr. Levant.  After Defendants have accounted for their attorney fees, the

---

[7] *See Simaan v. Wells Fargo Bank, N.A.*, No. 10-12848, 2011 WL 479882 (E.D. Mich. Feb. 4, 2011); *Ridha v. Mortgage Elec. Registration Sys., Inc.*, No. 10-13824, 2010 WL 4867416 (E.D. Mich. Nov. 23, 2010); *Chahine v. First Magnus Fin. Corp.*, No. 10-13456, 2010 WL 4694449 (E.D. Mich. Nov. 12, 2010); *Katou v. America's Wholesale Lender*, No. 10-12738 (E.D. Mich. Nov. 4, 2010).

court will determine the total amount of sanctions, which the court emphasizes may sum to more than just the attorney fees.

Because Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 are sufficient to adequately sanction Mr. Levant, the court declines the invitation to rely on its inherent power.

Finally with respect to Mr. Levant, the court observes that this is not the first time he has been cited for being less than candid with a tribunal. Mr. Levant has been the subject of investigations of the Michigan Attorney Grievance Commission more than once. In one case, the Attorney Discipline Board wrote that Mr. Levant's "contradictory testimony to the hearing panel[] is so replete with inconsistencies and inaccuracies that we must assign appropriate weight to the cumulative effect of respondent's untruthfulness." *Grievance Adm'r v. Levant*, No. 94-200-GA, slip op. at 4 (Mich. Attorney Discipline Bd. Jan. 18, 1996).

Considering his record and recent conduct before the court, the court thinks mere monetary sanctions may not go far enough. Accordingly, the court will forward a copy of the relevant court documents from this case to the Michigan Attorney Grievance Commission, and will also refer the matter to Chief Judge Gerald E. Rosen of this court for possible disciplinary action. *See* E.D. Mich. LR 83.22(c).

### B. Sanctions Against Plaintiffs

Rule 11(c)(5)(A) prohibits issuing a monetary sanction against a represented party when the basis for the sanction is a lack of legal support for contentions presented to the court. Fed. R. Civ. P. 11(c)(5)(A). In general, however, parties with counsel may still be sanctioned pursuant to Rule 11(c)(1). The advisory committee notes to Rule 11

explain that courts are permitted to consider whether "the party itself should be held accountable for [its] part in causing a violation." Fed. R. Civ. P. 11 advisory committee notes to the 1993 amendments. The notes further state that "[w]hen appropriate, the court can make an additional inquiry in order to determine whether the sanction should be imposed on . . . parties either in addition to or, in unusual circumstances, instead of the person actually making the presentation to the court." *Id.* Courts in general do not sanction represented parties. *Rentz*, 556 F.3d at 398. However, the Sixth Circuit has upheld Rule 11 sanctions on parties when the parties "misrepresented key facts during depositions and at trial." *Id.* (citing *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384-85 (6th Cir. 1997)).

Plaintiffs here authorized their attorney to file the complaint alleging the same meritless contentions that were the grounds, in part, for counsel's sanctions. That is all Plaintiff Nadia Haisha did and, given the general trend against sanctioning represented parties, Plaintiffs' counsel's pattern of submitting similar complaints, and the fact that this case was dismissed on the pleadings (and therefore Nadia did not misrepresent facts in discovery or at trial), the court will not sanction her.

However, Plaintiff Steven Haisha did more. He signed and swore to the allegations in the *verified* complaint before a notary public in Oakland County. The court cannot afford to overlook sworn false statements by parties, even if represented, and however desperate. Consequently, the court will sanction Steven in a moderated amount to be determined following Defendant's accounting of attorney fees.

### IV. CONCLUSION

IT IS ORDERED that Defendants Countrywide Bank, FSB, and BAC Home Loans Servicing, LP's "Motion for Sanctions" [Dkt. # 7] is GRANTED IN PART and DENIED IN PART.  It is GRANTED with respect to Plaintiffs' counsel and Plaintiff Steven Haisha but DENIED with respect to Plaintiff Nadia Haisha.

IT IS FURTHER ORDERED that Defendants are DIRECTED to file an accounting of attorney fees reasonably incurred in defending this action no later than fourteen days from the entry of this order.  Plaintiffs' counsel and Plaintiff Steven Haisha shall then have fourteen days from the date of Defendants' submission to file objections, if any, to Defendants' calculations.  Thereafter, the court will file an order directing Mr. Levant and Plaintiff Steven Haisha to pay specified sanctions.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2011, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-11276.HAISHA.GrantInPartDenyInPartSanctions.jmp.wpd