**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEVEN H. HAISHA and NADIA A. HAISHA,

    Plaintiffs,

v.                                    Case No. 2:11-cv-11276

COUNTRYWIDE BANK, FSB, et al.,

    Defendants.

_____/

**ORDER ASSESSING SANCTIONS**

On July 29, 2011, the court issued an "Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Sanctions and Directing Defendants to Account for Attorney Fees." In its order, the court assessed sanctions, in an amount to be determined, against Plaintiff's counsel Julian Levant and Plaintiff Steven Haisha pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure. The court also directed Defendants Bank of America, N.A. ("BANA") and BAC Home Loans Servicing, LP ("BAC") (collectively "Defendants") to file an accounting of attorney fees reasonably incurred in defending this action. The court then gave Mr. Levant and Plaintiff Steven Haisha fourteen days from the date of Defendants' submission to file objections to Defendants' calculations. (July 29, 2011 Order 11.)

On August 16, 2011,[1] Attorney Melissa Benton filed a declaration detailing a total of $6,331.20 in attorney fees and $412.70 in costs incurred by Defendants in this case. Neither Mr. Levant nor Plaintiff Steven Haisha has objected to Defendants' accounting.

---

[1] Defendants filing was untimely, as it exceeded the deadline imposed by the court by four days. Nevertheless, given the particular circumstances of this case and the only minor delay, the court will accept the filing. *See* Fed. R. Civ. P. 6(b).

In assessing a party's request for attorney fees, the court must ensure the fees are reasonable with reference to the "lodestar" approach. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) and *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983)). A court determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Hensley*, 461 U.S. at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed." *Id.* The court has reviewed the itemization and finds that the requested hours and hourly rates[2] are reasonable and directly attributable to Defendants' defense of this litigation. The court will therefore award sanctions to Defendants in the full amount of attorney fees and costs requested.

Accordingly, IT IS ORDERED that attorney fees and costs are AWARDED to Defendants and against Attorney Julian Levant and Plaintiff Steven Haisha, jointly and severally, in the amount of $6,743.90. A separate judgment will issue.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: September 8, 2011

---

[2] The hourly rates used by Ms. Benton and her associates—$189 and $230 for work done by attorneys, $130 for work done by a paralegal—are "in line with those prevailing in the community" for this type of litigation. *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2011, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522